IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL SHANNON CARMICHAEL                                                                       PLAINTIFF

v.                      Civil No. 6:23-CV-06124-SOH-CDC

WARDEN JAMES EARL, Ouachita River Correctional Unit (ORCU);
SGT. VOSS, ORCU; CORRECTIONAL OFFICER JOHN DOE #1 & #2;
and JOHN DOE, Segregation Correctional Officer,
                                                                                                 DEFENDANTS.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Michael Shannon Carmichael, an inmate currently confined at the Omega Center, Arkansas Community Corrections, filed the above-captioned pro se civil rights action under 42 U.S.C. § 1983. (ECF No. 1) Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

This Court previously granted Plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 3). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court recommends that Plaintiff's Complaint be dismissed. Accordingly, this Court also recommends that Plaintiff's Motion for Production of Documents, (ECF No. 6), and Motion to Amend Complaint, (ECF No. 7), be denied as moot.

### I. BACKGROUND

Plaintiff asserts that on or about August 2019, he was involved in a physical altercation with two other inmates at the Ouachita River Correctional Unit (ORCU). (Comp. at p. 18 (ECF

1

No. 1)). According to Plaintiff, after he was ordered to lie down on the floor and "cuff up," Defendant Sgt. Voss and several other officers continued to spray him and the other involved inmates with pepper spray. *Id.* Plaintiff says that Defendant Voss and the other unidentified officers were cited by their supervisor for excessive force, suspended, and when they returned to work, they were not allowed to carry pepper spray for a certain amount of time. *Id.* Plaintiff also claims that they were locked up in a cell for hours before they were given the opportunity to clean up and wash off the pepper spray. *Id.* Plaintiff asserts that Defendants' conduct violated the Eighth Amendment prohibition against cruel and unusual punishment. *Id.* Plaintiff says that the pepper spray caused his eyesight to worsen, and he now suffers from PTSD. *Id.* Plaintiff identifies the Defendants in their individual and official capacities. He asks for compensatory and punitive damages, attorneys' fees, as well as reimbursement of court costs. *Id.* at p. 17.

Plaintiff also asks the Court for an order directing the ORCU to provide copies of the incident reports and his grievances related to this incident. *Id* at p. 20; (ECF No. 6).

## II. LEGAL STANDARD

Under PLRA, the Court is obligated to review the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be

given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### III. DISCUSSION

Section 1983 itself does not include a specific statute of limitations period. Instead, "§ 1983 claims accruing within a particular state are to be governed by that state's general personal-injury statute of limitations." *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Here, Plaintiff says that the incident that gives rise to his claims took place at the ORCU in Malvern, Arkansas in July 2019. In Arkansas, the general personal-injury statute of limitations is three years. *Id.*; *see also Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Arkansas three-year personal injury statute of limitations applies to § 1983 actions). Since more than 3 years have elapsed since Plaintiff claims he was pepper sprayed without cause, Plaintiff's claims are time-barred.

Arkansas's so-called savings statute, moreover, does not save Plaintiff's claims. Pursuant to that statute, "[i]f any action is commenced within the time . . . prescribed . . . and the plaintiff suffers a nonsuit . . . the plaintiff may commence a new action within (1) one year after the nonsuit." Ark. Code Ann. § 16-56-126. Here, however, Plaintiff does *not* claim that he first initiated this lawsuit within the three-year statute of limitations period but the case was later dismissed without reaching a decision on the merits. Indeed, Plaintiff asserts on the face of the

Complaint that he has not previously initiated a federal lawsuit concerning this same set of facts. (Comp. at p. 1 (ECF No. 1)). Accordingly, Plaintiff's Complaint should be dismissed without prejudice as time-barred. Plaintiff's Motion to Produce Documents, (ECF No. 6), and Motion to Amend Complaint, (ECF No. 7),[1] should therefore be denied as moot.

### IV. CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE.** Plaintiff's Motion to Produce Documents, (ECF No. 6), and Motion to Amend Complaint, (ECF No. 7), should therefore be denied as moot. Further, Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk is **DIRECTED** to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 18th day of December 2023.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's self-styled "Motion to Amend Complaint" seeks to update Defendant Ryan Voss's name to "Sgt. Dylan Voss (ORCU). (ECF No. 7). Given the nature of the relief requested, the Court views this motion as a motion to amend the case caption. Since this Court recommends that the Complaint be dismissed as time-barred, the Court also recommends that Plaintiff's motion to amend the case caption similarly be denied as moot.